UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| YOUSTAKE, INC., and FRANK DEGEORGE | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO: 5:17-cv-00065 |
| | ) |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION and JAY CLAYTON, in his official capacity as Chairman of the United States Securities and Exchange Commission, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

### INTRODUCTION

In opposing the SEC's Motion to Dismiss, Plaintiffs avoid discussing the actual basis of their Complaint, which alleges the type of pre-enforcement challenge that courts routinely reject for lack of jurisdiction and failure to state a claim. Plaintiffs' discussion of whether certain parts of the Administrative Procedure Act ("APA") warrant dismissal for lack of jurisdiction or failure to state a claim does not affect whether the case should be dismissed because Plaintiffs' only possible cause of action is under the APA. Similarly, their claim that this action is wholly collateral to the review provisions in the federal securities laws compares this case to cases raising broad Constitutional challenges despite the fact that Plaintiffs raise no Constitutional

challenges and claim only that they have not violated the federal securities laws. Finally, their argument that their claim is ripe because it is purely legal ignores that they are asking this Court to determine how their federal securities laws apply to their specific business operations.

## ARGUMENT

### I. PLAINTIFFS DO NOT SATISFY THE REQUIREMENTS OF THE APA AND HAVE NO OTHER PLAUSIBLE CAUSE OF ACTION

In moving to dismiss Plaintiffs' Complaint, the SEC explained that sovereign immunity barred Plaintiffs' Complaint because they had not satisfied three separate requirements in the APA. In the alternative, the SEC argued that if the requirements of the APA were viewed as elements of a cause of action rather than as jurisdictional requirements, the Complaint should be dismissed for failure to state a cause of action.[1]

Plaintiffs devote several pages of their brief to arguing that one of the three APA requirements—final agency action—is not jurisdictional,[2] but their argument has little significance because they do not establish that they have a cause of action that could proceed despite the lack of final agency action. Plaintiffs suggest that they have a cause of action under the Declaratory Judgment Act (Opposition at 4, 5, 6, 7), but they provide no support for such a claim, and it is well settled that the Declaratory Judgment Act does not create any substantive rights or provide a standalone cause of action. *See City Nat'l Bank v. Edminsten,* 681 F.2d 942, 945 n. 6 (4th Cir. 1982) (the Declaratory Judgment Act "is remedial only, and is not itself a basis

---

[1] Securities and Exchange Commission's Memorandum of Law in Support of Its Motion to Dismiss, Dkt. #5 filed September 12, 2017 ("SEC Motion"), at 8-11, 15-16.

[2] Memorandum of Law in Opposition to Motion to Dismiss, Dkt. #8, September 25, 2017 ("Opposition"), at 4-7.

2

for federal subject matter jurisdiction"); *Bristol Univ. v. Accrediting Council for Indep. Colleges & Sch.*, No. 16-1637, 2017 WL 2495201, at *9 n.1 (4th Cir. June 9, 2017) ("Of course, the Declaratory Judgment Act creates [no] substantive rights.") (internal quotation marks omitted); *WTGD 105.1 FM v. SoundExchange, Inc.*, 88 F. Supp. 3d 580, 583-84 (W.D. Va. 2015) ("The Declaratory Judgment Act is not an independent source of jurisdiction and requires an actual case or controversy before a court may declare 'the rights and other legal relations of any interested party seeking such a declaration.'") (citation omitted); *Duke Energy Progress, LLC v. Roanoke River Basis Ass'n*, No. 4:17-CV-00031, 2017 WL 3326970, at *3 (W.D. Va. Aug. 3, 2017) ("[The Declaratory Judgment Act] is remedial only and neither extends federal courts' jurisdiction nor creates any substantive rights.'") (quoting *CGM, LLC v. BellSouth Telecommunications, Inc.*, 664 F.3d 46, 55 (4th Cir. 2011)).[3] As a result, Plaintiffs' claim under the Declaratory Judgment Act only entitles them to a particular type of relief if they prevail on a substantive cause of action in their Complaint. *Bristol Univ.*, 2017 WL 2495201, at *9 n. 1 (Wynn, J. concurring).

Plaintiffs' Opposition also raises the possibility of a cause of action based on a claim that the SEC is "allegedly operating outside the confines of its organic laws." Opposition at 2, 11. However, the case on which Plaintiffs rely recognizes only a narrow cause of action for claims that an agency is exceeding the scope of its delegated authority or violating a clear statutory mandate. *Id.* at 11 (citing *Hanauer v. Reich*, 82 F.3d 1304 (4th Cir. 1996)). Plaintiffs have made

---

[3] In *Trudeau v. FTC*, 456 F.3d 178 (D.C. Cir. 2006), after holding that finality was not a jurisdictional element, the D.C. Circuit reviewed possible causes of action. Despite the fact that the plaintiffs sought a declaratory judgment, the court never considered the possibility of a cause of action under the Declaratory Judgment Act.

3

no such allegation here. Far from claiming that the SEC was engaged in an illegitimate exercise of jurisdiction, they state that they hoped to encourage "the SEC to engage [in] substantive settlement discussions."[4] They also allege that it is only as the SEC's investigation has continued that they have become convinced that the SEC will not find that YouStake's operations violated the federal securities laws. *Id.* ¶ 25. Plaintiffs do not suggest that the SEC is investigating anything other than possible violations of the federal securities laws or is using improper investigative techniques. The SEC plainly has jurisdiction to investigate whether a company is violating the securities laws. *See, e.g.,* Securities Exchange Act of 1934 ("Exchange Act"), Section 21(a), 15 U.S.C. § 78u(a) ("The Commission may, in its discretion, make such investigations as it deems necessary to determine whether" the securities laws have been violated).

Because Plaintiffs have not identified a cause of action on which they could base a claim for relief, their Complaint must be dismissed under Rule 12(b)(6) at a minimum.

In addition, nothing in the Opposition undermines the Commission's argument that the Complaint should be dismissed under Rule 12(b)(1) if the Complaint fails to satisfy either prong of Section 701(a) of the APA. As discussed in the SEC's opening brief (SEC Motion at 10-11), courts have recognized that the APA does not waive sovereign immunity if "statutes preclude judicial review" or "agency action is committed to agency discretion by law." Indeed, one of the main cases on which Plaintiffs rely recognizes that the APA waives sovereign immunity only if

---

[4] Complaint, Dkt. #1 at ¶ 24 ("Compl.").

4

"there is no preclusion-of-review statute and no special statutory review procedure provided." *Hostetter v. United States*, 739 F.2d 983, 985 (4th Cir. 1984).

Plaintiffs have not contested the SEC's explanation that the Commission's decision to investigate is committed to agency discretion and the Complaint could be dismissed on that basis alone. In addition, as discussed further in the next section, Plaintiffs' contention that they did not need to rely on a special statutory review procedure to raise their claim is without merit.

## II. THE AVAILABILITY OF A SUBPOENA ENFORCEMENT PROCEEDING PRECLUDES REVIEW HERE

In its opening brief (SEC Motion at 10-11), the SEC explained that a contested subpoena enforcement proceeding under Section 21 of the Exchange Act, 15 U.S.C. § 78u(c), provides the exclusive avenue of redress for actions challenging the propriety of an investigation. *See, e.g.*, *Sprecher v. Graber*, 716 F.2d 968, 974-75 (2d Cir. 1983) ("*Graber*"); *Sprecher v Von Stein*, 772 F.2d 16, 18 (2d Cir. 1985); *Treats Int'l Enterprises, Inc. v. SEC*, 828 F. Supp. 16, 17 (S.D.N.Y. 1993). Plaintiffs contend that in making this argument the SEC should have looked not to cases that concerned analogous situations but to a case regarding a claim that a statute was unconstitutional on its face, *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477 (2010). Opposition at 8.[5] Nothing in *Free Enterprise* (or in any of the other cases Plaintiffs cite that address situations analogous to the situation in *Free Enterprise*) suggests that this Court has jurisdiction over Plaintiffs' claim.

---

[5] Plaintiffs say that no case has relied on *Graber* since *Free Enterprise*. That is not true. *See Arjent LLC v. SEC*, 7 F. Supp. 3d 378, 383-84 (S.D.N.Y. 2014) (citing *Graber* and reiterating that there is no waiver of sovereign immunity under § 702 of the APA "where a matter is statutorily committed to agency discretion or where another statute provides a form of relief which is expressly or impliedly exclusive").

5

In *Free Enterprise*, the Supreme Court held that Congress intended plaintiffs to bring even constitutional challenges solely through the comprehensive review provisions of the Exchange Act *unless*: (1) "a finding of preclusion could foreclose all meaningful judicial review"; (2) "the suit is wholly collateral to the statute's review provisions"; *and* (3) "the claims are outside the agency's expertise." *Free Enterprise*, 561 U.S. at 489-90 (quoting *Thunder Basin v. Reich*, 510 U.S. 200, 212-13(1994)) (internal quotation marks omitted).

None of those factors indicates that a collateral review is appropriate here. First, Plaintiffs are not precluded from "all meaningful judicial review." Plaintiffs could have tested the validity of the Commission's investigation through a subpoena enforcement proceeding. Their contention that relying on such a proceeding could have caused them to risk facing criminal penalties is without merit. SEC investigative subpoenas are not self-enforcing, and the bar on failing to comply "without just cause" does not create a risk of criminal liability if a person has a basis for objecting to a subpoena. To achieve "a safe harbor from criminal prosecution," a subpoena recipient contesting a subpoena enforcement action must have "only an objectively reasonable" basis that "the subpoena is unreasonabl[e] or was issued in bad faith or for an 'improper purpose, or that compliance would be unnecessarily burdensome." *SEC v. Huff*, 664 F. Supp. 2d 1288, 1294-1295 (S.D. Fla. 2009) (internal quotation marks omitted) (holding that persons who received SEC subpoena did not face risk of criminal penalties that would give them the right to challenge the subpoena without waiting for a subpoena enforcement proceeding).

In addition, Plaintiffs can assert their challenges to the SEC's jurisdiction in an enforcement proceeding if the SEC brings one. Being forced to wait until the SEC concludes its

6

investigation and files an action against them (if it does) will not deprive them of an avenue for meaningful relief. *Cf. Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1235-36 (5th Cir. 1979), *cert. denied*, 444 U.S. 1044 (1980) (affirming dismissal of defendant's declaratory judgment suit alleging the SEC exceeded its statutory to investigate defendant as unripe because, among other things, there was no final agency action and the court "fail[ed] to discern the direct and immediate impact upon [defendant] if judicial review [was] postponed").

Second, Plaintiffs' claim is not "wholly collateral" to the SEC's investigation; Plaintiffs ask the Court to decide whether the SEC has a basis for bringing a securities enforcement action, the issue that is at the heart of any SEC investigation. In addition, the Complaint contains many allegations that address whether the SEC should be investigating possible securities law violations by YouStake. It alleges that the SEC's continuing investigation shows it has been unable to identify a violation of the federal securities laws. Compl. at ¶¶ 25-26. They complain that the SEC is unwilling to close its investigation despite failing to develop evidence of their misconduct. Compl. at ¶ 26. They insist that, by continuing its investigation, the SEC is illegitimately "promulgating a posture" that their business is subject to regulation. Compl. at ¶ 53. Plaintiffs' Opposition also contends that the SEC should never have investigated them in the first place (Opposition at 3), the SEC is conducting a "rogue agency investigation" (*id*. at 12), and "the decision being challenged . . . is the decision to carry on the investigation" (*id*. at 14).

Unlike the *Free Enterprise* plaintiffs whose "general challenge to the PCAOB's existence was collateral to any Commission orders or rules from which [judicial] review might be sought," *Jarkesy v. SEC*, 803 F.3d 9, 23 (D.C. Cir. 2015) (internal citation omitted), Plaintiffs' claim

7

*arises from* the SEC's enforcement investigation and seeks to terminate that investigation on the grounds that Plaintiffs did not engage in "the sale of any securities currently regulated by the SEC" or "YouStake is exempt from any registration pursuant to Regulation D" (Complaint at p. 10). *See Jarkesy*, 803 F.3d at 22-24 (considering courts' analyses of the term "wholly collateral" in the *Thunder Basin* line of cases).

Finally, Plaintiffs cannot and do not argue that the SEC lacks the expertise to resolve whether their business model violates the statutes and regulations it administers. Determining whether there is a violation of the federal securities laws is central to the SEC's statutory mission. *See, e.g.,* Securities Exchange Act of 1934 ("Exchange Act"), Section 21(a), 15 U.S.C. § 78u(a) ("The Commission may, in its discretion, make such investigations as it deems necessary to determine whether" the securities laws have been violated).

### III.  PLAINTIFFS' CLAIM IS NOT RIPE

The final basis that the SEC identified for dismissing Plaintiffs' Complaint is that Plaintiffs' challenge is not ripe for review. SEC Motion at 12-15. Plaintiffs maintain that their action is ripe because they are challenging the SEC's "jurisdiction" to pursue its investigation in the first place and their claim is purely legal. Opposition at 13.

The cases Plaintiffs cite do not support their argument. Those cases recognize that unless a plaintiff's claim meets the ripeness factors outlined in the SEC's Motion, there will be no judicial review, and the cases themselves demonstrate that Plaintiffs' suit is unripe. First, the SEC's investigation is not a final agency action and it is unclear what action the SEC will take, if any. *See Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) ("A case is fit for judicial decision . .

8

. [only] when the action in controversy is final and not dependent on future uncertainties"); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir.1987) (A court should dismiss the case for lack of ripeness when "the case is abstract or hypothetical"). Second, none of the SEC's investigative steps imposes any legal liability or obligations on the Plaintiffs. *See WTGD 105.1,* 88 F.Supp. 3d at 585 (dismissing complaint because defendant's letter did not "threaten any legal action against Plaintiffs"). Finally, to the extent that Plaintiffs want this Court to apply the law to their business operations, that is hardly a purely legal question as it would require factual development. *See New Orleans Pub. Serv., Inc.,* 833 F.2d at 587 ("A case is generally ripe if any remaining questions are purely legal ones; *conversely, a case is not ripe if further factual development is required.*") (emphasis added); *see also Dresser Indus.,* 596 at 1235-36 (finding Dresser's challenge to the SEC's investigation unripe because a factual inquiry was necessary establish the validity of Dresser's claim that the SEC lacked jurisdiction to investigate it).

Thus, Plaintiffs cannot show their claim is ripe for review, and the lack of ripeness provides an additional basis for dismissing the Complaint.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' Complaint.

                                              Respectfully Submitted,

                                              Melinda Hardy
Assistant General Counsel

Date: October 2, 2017                    */s/ Ann Rosenfield*

                                              Ann Rosenfield
Senior Counsel
District of Columbia Bar No. 418316
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC  20549
Telephone: (202) 551-4831
E-mail: Rosenfielda@sec.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Maurice B. VerStandig, Esq.
>The VerStandig Law Firm, LLC
>9812 Falls Road, #114-160
>Potomac, Maryland 20854
>Tel: (301) 444-4600
>Fax: (301) 576-6885
>Email: mac@mbvesq.com
>Counsel for Defendants YouStake, Inc.
>and Frank De George

>*/s/ Ann Rosenfield*
>Ann Rosenfield
>Senior Counsel
>U.S. Securities and Exchange Commission

11