IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| YOUSTAKE, INC., *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 5:17-cv-65 |
| ) | |
| JAY CLAYTON, in his official capacity as ) | |
| Chairman of the United States Securities ) | |
| and Exchange Commission, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MOTION TO AMEND COMPLAINT BY INTERLINEATION**

Come now YouStake, Inc. ("YouStake") and Frank DeGeorge ("Mr. DeGeorge") (YouStake and Mr. DeGeorge being collectively known as the "Plaintiffs" and each being sometimes known as a "Plaintiff"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 11(c)(2)(e), and move this Honorable Court to permit an amendment by interlineation to the complaint (the "Complaint") (DE #1) filed herein against the United States Securities and Exchange Commission (the "SEC") and Jay Clayton in his official capacity as Chairman of the SEC ("Mr. Clayton") (the SEC and Mr. Clayton being collectively known as the "Defendants" and each sometimes being known as a "Defendant"), and in support thereof state as follows:

**I.  Introduction**

Following oral argument on the Defendants' motion to dismiss the Complaint (the "Motion to Dismiss") (DE #5), YouStake learned through discovery that the SEC – after eighteen months of exhaustively investigating YouStake's business model – does not presently maintain the business model to involve the sale and/or exchange of securities.

Inasmuch as the core issue *sub judice* is whether or not YouStake's business model involves the sale and/or exchange of securities (and, if so, whether or not they are regulated), this impacts the instant case dramatically.

YouStake and Mr. DeGeorge have no interest in asking this Honorable Court to abandon the already-briefed and already-argued points raised by the Motion to Dismiss, and would respectfully submit that the amendment sought herein will not moot the pending Motion to Dismiss. The issues raised on the Motion to Dismiss are not tied to the sufficiency, *vel non*, of the Complaint's pleading,[1] and the proposed amendment need not cause any new briefing or argument. It is very much the movants' desire to not set this case back in any way but, rather, it is simply their desire to present an amended pleading that accurately states a relatively crucial fact which has come to light.

## II. New Facts Meriting Inclusion in the Pleading

Specifically, after oral argument on the Motion to Dismiss, YouStake issued two interrogatories to the SEC. On November 24, 2017, the SEC answered those interrogatories. *See* Interrogatory Answers, attached hereto as Exhibit A. The first interrogatory and its respective answer are as follows:

**Interrogatory No. 1**

State whether you contend the business model of YouStake, as set forth in the Complaint for Declaratory Judgment (the "Complaint," as found at DE #1), involves the sale and/or exchange of securities.

---

[1] There is a contention, by the Defendants, that the Complaint fails to state a claim inasmuch as the Defendants maintain a declaratory judgment to not be a valid cause of action. Without discussing the merits of this argument, it is respectfully submitted that the proposed amendment by interlineation will not in any way bear upon this issue, as the proposed amendment does not endeavor to add a new cause of action.

2

**Response to Interrogatory No. 1**

Notwithstanding the above objection, the SEC has not yet determined whether the business model of YouStake involves the sale and/or exchange of securities.

Interrogatory Answers, attached hereto as Exhibit A.[2]

The second interrogatory issued addresses the question of whether or not YouStake's business model implicates a registration requirement, with its text and the answer being as follows:

**Interrogatory No. 2**

If you contend the business model of YouStake, as set forth in the Complaint, involves the sale and/or exchange of regulated securities, identify any regulation(s) you contend to require the registration of such putative securities.

**Response to Interrogatory No. 2**

No answer is required to this request because the SEC is not now contending that the business model of YouStake involves the sale and/or exchange of securities.

Interrogatory Answers, attached hereto as Exhibit A.

Inasmuch as the Plaintiffs' case seeks a declaration concerning whether or not YouStake's business model implicates the sale and/or exchange of securities and, if so, whether or not they require registration, the admission of the SEC that it does not maintain an adverse posture is highly relevant. This seems the variety of fodder that ought to be contained within an operative pleading, and well within the permissive allowance of Federal Rule of Civil Procedure 15(a)(2).

---

[2] As intimated in the answers cited, the SEC did lodge a general objection concerning the propriety of YouStake's issuance of discovery. While the objection is not discussed herein, YouStake does not mean to conceal its existence and would note that the full answers – inclusive of the objection – are appended hereto.

3

That these admissions come from the SEC after it has spent more than eighteen months investigating YouStake is all the more telling. These are not postures assumed in the early days of a nascent inquiry; these are indicative of the SEC's continued examination of a private entity – at tremendous expense to that entity – when after a year and a half it cannot even assert that it has jurisdiction over the entity.

### III. Conclusion

WHEREFORE, the foregoing considered, YouStake, Inc. and Frank DeGeorge respectfully pray this Honorable Court (i) permit the filing of the First Amended Complaint attached hereto as Exhibit B; (ii) recognize the same filing as one by mere interlineation, as demonstrated in the redline markup attached hereto as Exhibit C; (iii) regard the pending Motion to Dismiss as pertaining to the amended complaint, without the need for further briefing or argument; and (iv) afford such other and further relief as may be just and proper.

Date: December 4, 2017

Respectfully submitted,

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Virginia Bar No. 81556
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD 20854
Phone: 301-444-4600
Facsimile: 301-576-6885
E-mail: mac@mbvesq.com
*Counsel for YouStake, Inc.*
*and Frank DeGeorge*

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of December, 2017, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties authorized to receive electronically Notices of Electronic Filing.

By: /s/ Maurice B. VerStandig
     Maurice B. VerStandig