IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| YOUSTAKE, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FRANK DEGEORGE, | ) | Case No. |
| | ) | ————————————5:17-cv-65 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAY CLAYTON, in his official capacity as | ) | |
| Chairman of the United States Securities | ) | |
| and Exchange Commission, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES SECURITIES AND | ) | |
| EXCHANGE COMMISSION, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Come now YouStake, Inc. ("YouStake") and Frank DeGeorge ("Mr. DeGeorge")

(YouStake and Mr. DeGeorge being collectively known as the "Plaintiffs" and each

being sometimes known as a "Plaintiff"), by and through undersigned counsel, and as and

for their first amended complaint (the "Complaint") against Jay Clayton, in his official

capacity as Chairman of the United States Securities and Exchange Commission ("Mr.

Clayton") and the United States Securities and Exchange Commission (the "SEC") (Mr.

Clayton and the SEC being collectively known as the "Defendants" and each sometimes

being known as a "Defendant") state as follows:

**Parties**

1.      YouStake is a Delaware corporation with its principal place of business in Nevada, conducting business throughout the United States of America including, *inter alia*, in counties enumerated in Section 127(b) of Title 28 of the United States Code.

2.      Mr. DeGeorge is a citizen of the Commonwealth of Virginia.

3.      Mr. Clayton is the Chairman of the SEC; he is sued only in his official capacity.

4.      The SEC is an agency of the federal government of the United States of America.

**Jurisdiction and Venue**

5.       This Honorable Court enjoys jurisdiction over the instant controversy pursuant to the allowances of Section 1331 of Title 28 of the United States Code, as the instant case seeks a declaratory judgment pursuant to the laws of the United States.

6.      This Honorable Court further enjoys jurisdiction over the instant controversy pursuant to the allowances of Section 2201 of Title 28 of the United States Code, as this is a case of actual controversy.

7.      Venue is properly laid in this Honorable Court, pursuant to the allowances of Section 1391(e)(1)(b) of Title 28 of the United States Code, as a substantial part of the events giving rise to this Complaint have occurred in the Western District of Virginia, in which YouStake transacts online commerce.

8.      No relief of the variety set forth in Section 1346 of Title 28 of the United States Code is sought against any Defendant hereto.

## General Allegations: YouStake's Operations

9.     YouStake is a multifaceted business that provides various services to customers in the gaming industry, the e-sports industry, and other sports industries and markets.

10.     Mr. DeGeoge is, and at all times relevant has been, the chief executive officer and largest individual shareholder of YouStake.

11.     One of YouStake's core business functions is the provision of "staking" services to members of the public.

12.     The staking model is aimed at individuals ("players") interested in tendering an entry fee to participate in a contest with monetary awards, allowing such individuals to crowdsource part or all of such entry fee to the public in exchange for providing members of the public ("backers") with an interest in the player's monetary outcome.

13.     Hypothetically, if a player needed to pay Ten Thousand Dollars and No Cents ($10,000.00) to enter the Main Event of the World Series of Poker, that individual player may elect to contribute Four Thousand Dollars and No Cents ($4,000.00) of his or her own money and raise the remaining Six Thousand Dollars and No Cents ($6,000.00) from members of the public.

14.     Under this hypothetical, the player would give members of the public contributing monies an interest in the outcome of his or her performance in the subject event, paying them a pre-defined percentage of monies won if the player did, in fact, win monies in the subject event.

3

15. YouStake was originally created to remove such staking transactions from the black market – where they have long flourished in a world rife with fraud and theft – and to create a mainstream mechanism for such transactions to be conducted with significant player and backer safeguards in place.

16. YouStake permitted players to list staking opportunities on its website, and members of the public to crowdsource such opportunities in sums as small as Twenty Dollars and No Cents ($20.00), creating a clear record of which individuals were staking which players, ensuring such individuals were tendered monies rightfully belonging to them if and when the player was successful in the correlative contest, and otherwise streamlining the staking process in an open and transparent manner.

17. YouStake never owned any portion of an individual stake, held no contingent interest in the outcome of any individual stake, and collected money solely as a processing fee pegged to the monies paid by a member of the public to participate in the staking process. YouStake does not offer any interest in itself or its profits.

18. The YouStake website has never allowed individuals to resell, barter, swap, exchange, or otherwise alienate staking interests once acquired.

19. YouStake commenced operations in 2015, facilitating thousands of staking transactions in a public and transparent forum.

### General Allegations: SEC Investigation

20. On April 12, 2016, the SEC issued subpoenas to YouStake and Mr. DeGeorge for the provision of documents in a matter designated "In the Matter of YouStake.com (LA-4662)" (the "Investigation").

4

21.     In the ensuing months, YouStake and Mr. DeGeorge produced thousands of pages of records to the SEC, in cooperation with the Investigation.

22.     On March 28, 2017, Mr. DeGeorge presented at the SEC's offices in Los Angeles, California, with undersigned counsel, pursuant to a separate subpoena, to give testimony in the Investigation.

23.     YouStake and Mr. DeGeorge are in receipt of the formal order of private investigation that initiated the Investigation, but have declined to disclose its contents at the express request of the SEC; a copy can be produced, under seal or *in camera*, should the need arise in this case.

24.     During the course of the Investigation, YouStake temporarily ceased the provision of public staking services, so as to demonstrate good faith cooperation with the SEC's investigative and enforcement efforts, as well as in hopes of encouraging the SEC to engage substantive settlement discussions.

25.     As the Investigation has continued, however, it has become increasingly evident that the SEC is unable to identify any specific statute or regulation contravened by YouStake's operations.

26.     While YouStake and Mr. DeGeorge are not privy to any aspects of the Investigation of which they have not been given notice, it is increasingly apparent that the SEC is unwilling to close the matter despite the clear absence of any violative behavior.

27.     Compliance with the Investigation, coupled with the cessation of staking activities undertaken in furtherance of demonstrating goodwill in the Investigation, has cost YouStake hundreds of thousands of dollars.

28.     So long as the Investigation is pending, YouStake cannot prudently recommence normative staking operations, is significantly hampered in its ability to raise operating capital as a startup company, and exists with a Damoclean sword over its proverbial head, paralyzed from conducting normative commerce.

**General Allegations: FINRA Application**

29.     Because YouStake acts as a platform where players and backers come together, commencing in late 2016, and continuing in early 2017, YouStake filed various documents with the SEC and the Financial Industry Regulatory Authority ("FINRA") to register as a crowdfunding portal pursuant to the allowances of SEC Regulation CF.

30.     Given that the SEC was showing no outward signs of advancing or resolving the Investigation, this appeared one of the scarce avenues through which YouStake could obtain the assurances requisite to again commence normative operations

31.     During the registration process, however, FINRA asked YouStake to voluntarily withdraw its application, indicating that staking activity does not involve the sale of securities and thus is not activity for which registration with FINRA – pursuant to Regulation CF or otherwise – is appropriate.

32.     Specifically, on March 23, 2017, counsel for YouStake, responding to an e-mail request from Patrick J. Medel ("Mr. Medel"), a principal examiner at FINRA, spoke at length with Mr. Medel.

33.     During the March 23, 2017 conversation, Mr. Medel, on behalf of FINRA, conveyed that FINRA had occasion to review YouStake's initial submission, that the same had been discussed internally at FINRA, and that it was the position of FINRA that

6

YouStake's engagement of staking activity does not involve the sale of securities and, thus, is not activity within the purview of FINRA.

34.     When pressed by counsel for YouStake, Mr. Medel made clear that it was the position of FINRA that YouStake's staking activity was not merely an inappropriate activity for Regulation CF filing but, indeed, was an inappropriate activity for any filing within the purview of FINRA.

35.     On the advice of FINRA, YouStake withdrew its application for registration.

### General Allegations: Request for No Action Letter

36.     On May 3, 2017, undersigned counsel wrote to the Office of Chief Counsel of the Division of Corporate Finance of the SEC, on behalf of YouStake (which was referenced therein only as "a domestic company doing business throughout the United States of America including, *inter alia*, conducting business over the internet"), requesting assurances that the staff of the SEC would not recommend enforcement action to the SEC against YouStake or its personnel under Sections 5(a) or 5(c) of the Securities Act of 1933 (the "1933 Act") or Section 15(a) of the Securities Exchange Act of 1934 (the "1934 Act") if YouStake engages in staking activity.

37.     As of the date of the filing of this Complaint, YouStake has not received a response to the Request for No Action Letter.

### General Allegations: Other Staking Entities

38.     During the course of the Investigation, YouStake has apprised the SEC of the existence of other entities actively engaged in the staking business, utilizing models substantially similar to that of YouStake.

7

39.     YouStake has no knowledge of the SEC commencing an investigation or seeking regulatory action against any other business carrying on staking activities.

**General Allegations: Lack of Regulation**

40.     As suggested by FINRA and as more extensively set forth in the Request for No Action Letter, YouStake cannot register with the SEC or FINRA because the staking model is outside of any existing regulatory framework.

41.     Specifically, and without limitation, myriad SEC regulations calling for the registration of securities are directed at the sale of interests in entities for which traditional accounting statements, compliant with Generally Accepted Accounting Principles ("GAAP"), can be produced.

42.     Section 6 of the 1933 Act, which sets forth the registration process, requires that the officers of an issuer sign a registration statement; as set forth *passim*, the staking process is one that does not implicate any interest in any entity with officers.

43.     Myriad forms promulgated by the SEC require registrants to produce balance sheets and/or other financial statements for the subject interest being sold.

44.     While YouStake is a corporate entity with a balance sheet and financial statements, the staking activity it facilitates concerns interests not in YouStake itself but, rather, in the contingent outcome of individual performances in skill-based contests for which entry fees are collected and monetary prizes are offered.

45.     Critically, YouStake is not selling any interests or collecting any interests; it is merely furnishing an online forum through which individuals may acquire staking interests.

8

46.     Since staking activity does not involve the sale of an interest in a corporate entity, or any permanent sale of the output of a natural person's professional efforts, GAAP-compliant balance sheets and accounting statements cannot be prepared.

47.     There is no SEC regulation that governs the staking process, and a review of applicable existing SEC regulations reveals that the staking process cannot be made to conform to the requirements of any such regulation.

48.     On November 24, 2017, the SEC admitted that after more than a year and a half of investigating YouStake, "the SEC has not yet determined whether the business model of YouStake involves the sale and/or exchange of securities."

47.49.  On November 24, 2017, the SEC admitted that after more than a year and a half of investigating YouStake, it cannot identify any regulations it contends to require the registration of the staking interests facilitated by YouStake.

## Count I – Declaratory Judgment

48.50.  YouStake and Mr. DeGeorge repeat and reallege every foregoing paragraph of this Complaint, as though fully set forth herein.

49.51.  There exists an actual controversy between the Plaintiffs and the Defendants hereto, as the SEC continues to investigate YouStake and Mr. DeGeorge for violating the 1933 Act and/or the 1934 Act, and continues to refuse to respond to the Request for No Action Letter, while YouStake and Mr. DeGeorge maintain the staking business of YouStake to be outside the existing regulatory purview of the SEC.

50.52.  It is the contention of YouStake and Mr. DeGeorge that staking either does not involve the sale of a security or involves only the sale of an unregulated security.

9

51. 53. If staking does not involve the sale of a security, the SEC is without jurisdiction to carry on the Investigation.

52. 54. If staking involves only the sale of an unregulated security, the SEC is without jurisdiction to carry on the Investigation.

53. 55. By continuing to carry on the Investigation, the SEC is promulgating a posture that it believes staking to involve the sale of an actual security and that it further believes such security to be regulated by the SEC under its existing regulatory framework.

WHEREFORE, pursuant to the allowances of Section 2201 of Title 28 of the United States Code, Mr. DeGeorge and YouStake respectfully pray this Honorable Court enter an order (i) declaring the staking process to not involve the sale of any securities; (ii) declaring that staking is not the sale of a security, as that term is defined in Section 2(a)(1) of the 1933 Act; (iii) declaring that staking is not the sale of a security, as that term is defined in Section 3(a)(10) of the 1934 Act; (iv) alternatively, declaring the staking process to not involve the sale of any securities currently regulated by the SEC; or (v) that YouStake is exempt from any registration pursuant to Regulation D, and (vi) affording such other and further relief as may be just and proper.

Date: July 7December 4, 2017 ———— Respectfully submitted,

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Virginia Bar No. 81556
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD 20854
Phone: 301-444-4600
Facsimile: 301-576-6885
E-mail: mac@mbvesq.com

10

*Counsel for YouStake, Inc.*
*and Frank DeGeorge*