IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

YouStake, Inc., *et al.*

    Plaintiffs,

v.

                                5:17-cv-00065-MFU

Jay Clayton, in his official capacity as
   Chairman of the United States Securities
   and Exchange Commission, *et al.*

    Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT BY INTERLINEATION

The Securities and Exchange Commission ("SEC") opposes Plaintiffs' Motion to Amend Complaint by Interlineation because Plaintiffs' proposed amendments are immaterial to both the pending Motion to Dismiss the Complaint and Plaintiffs' purported causes of action.

I.    BACKGROUND

In their original complaint ("Complaint"), Plaintiffs alleged that by April 12, 2016, the Securities and Exchange Commission's ("SEC") Division of Enforcement ("Enforcement") had initiated a formal investigation of Plaintiffs' staking transactions to determine whether they violated the federal securities laws. Compl. at ¶¶ 20, 23-24. Plaintiffs complained that the investigation has been open for over a year, and the SEC had not completed the investigation. Compl. at ¶ 49.

Plaintiffs also alleged that on May 3, 2017, while Enforcement's investigation was pending, Plaintiffs' counsel wrote to the SEC's Division of Corporation Finance ("Corp Fin") and requested a no-action letter providing "assurances that the staff of the SEC would not recommend enforcement action to the SEC against YouStake or its personnel" under the federal securities laws "if YouStake engages in staking activity."[1] Compl. at ¶ 36. Plaintiffs further alleged that Corp Fin Staff has not issued a no-action letter in response to Plaintiffs' request. Compl. at ¶ 37. Plaintiffs' complaint seeks a declaratory judgment that makes declarations as to whether the staking process that YouStake provides involves the sale of any securities or, if it does not involve the sale of securities, whether the securities are exempt from any registration pursuant to Regulation D. Compl. at 10.

In its motion to dismiss, the SEC explained that (1) sovereign immunity bars Plaintiffs' claims; (2) Plaintiffs' claims are not ripe; and (3) Plaintiffs' have not stated a cause of action upon which relief can be granted. The motion is now fully briefed and argued, and the parties are awaiting a decision from this Court on the motion.

After the motion to dismiss was fully briefed, Plaintiffs served a set of two interrogatories on the SEC. The SEC objected to the interrogatories because discovery is inappropriate, where, as here, there is a meritorious pending motion to dismiss on grounds of sovereign immunity. Despite that objection, the SEC responded to the

---

[1] A no-action letter is an informal staff response and does not constitute an official statement of the SEC's views. *See* 17 C.F.R. § 202.1(d). "No-Action Letters are deemed interpretive because they do not impose or fix a legal relationship upon any of the parties." *New York City Employers' Retirement System v. SEC*, 45 F.3d 7, 12 (2d Cir. 1995).

interrogatories and stated, "the SEC has not yet determined whether the business model of YouStake involves the sale and/or exchange of securities."

On December 4, 2017, Plaintiffs filed the present motion with a proposed Amended Complaint on the grounds that the SEC's interrogatory responses are, for an unspecified reason, significant to this case. The proposed Amended Complaint adds the following paragraphs into the complaint:

> 48. On November 24, 2017, the SEC admitted that after more than a year and a half of investigating YouStake, "the SEC has not yet determined whether the business model of YouStake involves the sale and/or exchange of securities."
>
> 49. On November 24, 2017, the SEC admitted that after more than a year and a half of investigating YouStake, it cannot identify any regulations it contends to require the registration of the staking interests facilitated by YouStake.

First Amended Complaint at 9. Plaintiffs concede that the new information is immaterial to the pending motion to dismiss and that the motion to dismiss does not require any additional briefing or argument. Motion to Amend at 2.

## II. ARGUMENT

### A. Standard for allowing amended complaint.

Unless a party amends its pleading within a set period of time, which was not the case here, a "party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.* "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010).

B. <u>This Court should deny Plaintiffs' motion to amend because amendment would be futile.</u>

It would be futile for Plaintiffs to amend their Complaint as the proposed amendments would not cure any of the deficiencies the SEC addressed in its motion to dismiss. In particular, the proposed amendment actually emphasizes the lack of final agency action. The SEC's pending motion to dismiss explains that Plaintiffs failed to identify in their Complaint a final agency action that they are challenging and that the lack of final agency action means that sovereign immunity bars Plaintiffs' claims, Plaintiffs' claims are not ripe, and Plaintiffs did not state a cause of action under the Administrative Procedure Act. Motion to Dismiss at 9-10, 13-14, 15-16. By alleging that the SEC has not yet determined whether YouStake's business model involves the sale and/or exchange of securities, Plaintiffs do no more than provide evidence of the lack of final agency action. Indeed, even Plaintiffs concede that the proposed amendment "will not in any way bear upon" the issues set forth in the motion to dismiss. Motion at 2.

The proposed amendment also does not support or advance Plaintiffs' claims. The proposed allegation that the SEC has not yet determined whether YouStake's business model involves the sale and/or exchange of securities is a logical extension of the original allegation that the SEC's investigation is not yet complete and the SEC has not identified a law that YouStake violated. Compl. at ¶ 25. The SEC as a body does not make a determination until its staff conducts an investigation, the staff makes a recommendation to the Commission, and the Commission votes on the recommendation. The purpose of an investigation is to gather facts for a determination of whether a violation of the law exists. *See, e.g.,* 15 U.S.C. § 78u(a)(1) ("The Commission may, in its

discretion, make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision of this chapter . . . "); *United States v. Morton Salt,* 338 U.S. 632, 642–43, 70 S.Ct. 357, 94 L.Ed. 401 (1950) (a federal agency "can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not.").

To the extent Plaintiffs seek to allege that the SEC has admitted that it cannot identify any regulations that require the registration by YouStake, they are clearly mischaracterizing the interrogatory responses on which they claim to rely. The responses never stated that the SEC is unable to identify a particular regulation. The responses simply state that the SEC has not yet made a determination whether YouStake's business model involved the sale or exchange of securities.

Because Plaintiffs' proposed amendment would be futile, this Court should deny the motion to amend the Complaint.

### C. New facts would also not warrant amendment to Complaint.

Although the motion to amend seeks to add facts only about Defendants' original interrogatory answers, recent factual developments could lead to additional requests by Plaintiffs to amend the Complaint. On December 18, 2017, Enforcement Staff informed VerStandig that it had concluded its investigation involving YouStake and that based on the information Enforcement Staff has as of this date, it does not intend to recommend an enforcement action by the SEC against YouStake.[2] Also, on December 18, 2017, Corp

---

[2] The decision not to recommend an enforcement action "may be based upon various reasons, some of which, such as workload considerations, are clearly irrelevant to the merits." Securities Act Release No. 5310 ('Procedures Relating to the Commencement of Enforcement Proceedings and Termination of Staff Investigations') (Sept. 27, 1972); *see also Dirks v. S.E.C.*, 463 U.S. 646, 678, 103 S. Ct. 3255, 3274, 77 L. Ed. 2d 911 (1983) (identifying the decision of the SEC not to charge someone as an exercise of "prosecutorial discretion").

Fin Staff responded to VerStandig's request for a no-action letter, stating that it had determined not to grant a favorable response to the request, in part because Corp Fin Staff believes that the business described in VerStandig's request involves the offer and sale of securities and that his client corporation would qualify as an issuer of such securities. Defendants have supplemented their interrogatory responses to reflect these developments. However, the responses still state that "[t]he SEC has not determined whether the business model of YouStake involves the sale and/or exchange of securities" because the staff determinations that led to the closing of the investigation and the decision not to issue a no-action letter are not agency actions.

While there is no need to brief a motion to amend that has not yet been made, we note that amendment is not proper because these developments do not make Plaintiffs' claims viable. Plaintiffs still have not identified any final agency action, and their claim is not ripe. Decisions on no-action letters are not final agency action. *See Board of Trade of City of Chicago v. SEC*, 883 F.2d 525, 529-30 (7th Cir. 1989) (no-action letters are not final decisions of the SEC and therefore not reviewable); *Amalgamated Clothing and Textile Union v. SEC*, 15 F.3d 254, 257 (2d Cir. 1994) (no-action letters as well as SEC announcements that the agency will not bring a enforcement action are not final agency decisions because they do not bind the SEC to particular courses of action). We believe, therefore, that this Court should proceed to rule on and grant the motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion to Amend Complaint by Interlineation.

                                             Respectfully submitted

                                             /s/ Kevin D. Solonsky
                                             KEVIN D. SOLONSKY
                                             Senior Counsel
                                             D.C. Bar No. 437119
                                             Securities and Exchange Commission
                                             100 F Street, N.E.
                                             Washington, D.C. 20549-9612
                                             Tel.:   (202) 551-5014
                                             solonskykd@sec.gov

December 18, 2017